## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

----------------------------------X

James A. Patterson, Serina Patterson,
Individually; James A. Patterson and
Serina Patterson, as Parents and Natural
Guardians for Blessen Patterson and
Julius Patterson

*Plaintiffs,*

v.

The City of New York, New York City
Police Department, Police Officers
"John" and "Jane" Doe 1 through 17

*Defendants.*

----------------------------------X

Civil Case No.: CV-20-3972

*Document Electronically Filed*

COMPLAINT

PLAINTIFFS' DEMAND
TRIAL BY JURY

Plaintiffs James A. Patterson, Serina Patterson, Individually; James A. Patterson and Serina Patterson, as Parents and Natural Guardians for Blessen Patterson and Julius Patterson, by the undersigned attorney, bring this action against the City of New York (the "City") New York Police Department ("NYPD") and presently unidentified Police Officers John and Jane Doe 1 through 17 ("John and Jane Doe"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and Amendments Four and Fourteen to the Constitution of the United States. Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4), as this is a civil action arising under the Constitution and laws of the United States in addition to pendent jurisdiction over related state causes of action.

2. Jurisdiction supporting Plaintiffs' claims for attorney fees is conferred and brought under 42 U.S.C. § 1988.

3. Venue is proper pursuant to 28 U.S.C. § 1391(a), (b) and (c) because all the events giving rise to the claims of the Patterson Plaintiffs occurred in the County of Kings in the State of New York in the Eastern District of New York.

4. On 25 June 2019, Plaintiffs filed a Notice of Claim. On 29 August 2019, James A. Patterson and Serina Patterson, individually and as parents and natural guardians of their children, attended a hearing pursuant to N.Y. Gen. Mun. Law § 50-h. Accordingly, the procedures specified by N.Y. Gen. Mun. Law § 50-e and 50-i are exhausted.

**PARTIES**

5. Plaintiff James A. Patterson is a thirty-seven (37) year–old African-American man who, at all times relevant herein, has resided in New York City in the East New York section of Brooklyn, New York.

6. Plaintiff Serina Patterson is a thirty-one (31) year–old African-American woman who, at all times relevant herein, has resided in the East New York section of Brooklyn, New York.

7. Plaintiffs Blessen Patterson, eight (8) years old, and Julius Patterson, two (2) years old, are the natural children of James A. Patterson and Serina Patterson. At all times relevant herein, the children have resided with their parents in the East New York section of Brooklyn, New York.

8.  Defendant New York City (hereinafter, "Defendant City") is a municipal entity created and organized under the laws of the State of New York. The City is authorized by law to maintain a police department which acts as its agent for purposes of law enforcement and for which the City is responsible. The City is responsible for the policy, practice, supervision, implementation and conduct of all NYPD matters and is responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel as employer under *respondeat superior*. The City is responsible for enforcing the rules of the NYPD and for ensuring that NYPD personnel obeys the laws of the United States and the State of New York.

9.  Defendants "John" and "Jane" Doe, 1 through 17 (hereinafter, "Defendants John and Jane Doe ") were, at all times relevant herein, duly sworn NYPD Police Officers acting under the supervision of NYPD under the color of law and according to their official duties. [1] They are sued in their individual and official capacities, based on the conduct set forth below. [2]

10. On 23 May 2019, Defendants John and Jane Doe personally participated in the violent early-morning execution of a no-knock warrant by breaking down the front door of the Plaintiff's home with a battering ram.

---

[1] The identity of these defendants is presently unknown, except for Cory J Tizzio, TAX ID No 957220, Shield No 8792 who was, at all times relevant herein, a duly sworn NYPD Police Officer, acting under the supervision of NYPD under the color of law and according to his official duties. Tizzio, on the job barely four years at the time of this incident, personally participated in the violent execution of the no-knock warrant. He is sued in his individual and official capacities.

[2] Defendant City and Defendants John and Jane Doe are jointly referred to as "Defendants."

11. With guns drawn, Defendants John and Jane Doe rushed into the bedroom where the parents and their children were just waking up, pointed drawn guns at the parents and children and loudly ordered them to "Get Down" on to the floor.

12. Defendants John and Jane Doe directed Mrs. Patterson, clad only in her undergarments, to put down her crying toddler and put up her hands.

13. Defendants John Doe pushed Mr. Patterson face down to the floor, tightly handcuffed him from behind and forcibly removed him from the bedroom to the living room.

14. While removing Mr. Patterson from the bedroom, Defendants John and Jane Doe continued to train their pointed guns on Mrs. Patterson and her crying children, restricting them to the bedroom.

15. In full view of the neighbors, Defendants John Doe dragged Mr. Patterson, still cuffed from behind, from the Patterson apartment, down the stairs of the building and into the street.

16. Once outside, Defendants John Doe shoved Mr. Patterson into a waiting SUV and then proceeded to drive to the 75th Precinct.

17. Upon information and belief, John Doe Driver/Passenger/Recorder of the SUV received a telephone call from his superior.

18. After this telephone call, Defendants John Doe kept Mr. Patterson handcuffed inside the locked SUV while transporting him back to his home where he was

pulled from the car, publicly uncuffed and told to call 311 about the door and other destroyed property.

19. After Defendants John Doe had dragged Mr. Fatterson from the home, Defendants Jane Doe finally allowed Mrs. Patterson to put on clothing to cover the undergarments she was wearing.

20. However, Defendants Jane Doe did not allow Mrs. Patterson to cover herself until after one of them had patted down her entire body from head to toe, including her hair and even her scalp after ordering her to remove her hair bonnet.

21. After the body search, Defendants Jane Doe finally permitted Mrs. Patterson to change the toddler and dress both children.

22. Once Mrs. Patterson and the children were dressed, Defendants Jane Doe ordered them to move to the kitchen and stay seated (and quiet) while John and Jane Doe conducted a frightening and destructive search of the Patterson home causing disarray and damage to furniture, toys, papers and other personal belongings.

23. Based on the foregoing acts, Defendants John and Jane Doe 1-17 are sued in the individual and official capacities; Defendant City is sued under the theory of *respondeat superior*.

## FACTUAL BACKGROUND

24. On 23 May 2019 at 7 a.m., Defendants John and Jane Doe executed a terrifying, Kafkaesque no-knock raid at Plaintiff's home.

25. No drugs, no guns and no other illegal substances or items were found. Plaintiffs were innocent of possessing them.

26. Upon information and belief, Plaintiff's home was unreasonably believed to be a place where evidence or instrumentalities of these crimes would be found and it was unreasonably suspected that incriminating evidence, if any had actually existed, would be destroyed or officers would be put in jeopardy by advance notice to Plaintiffs of the intended search.

27. Upon information and belief, the information which led Defendants to deploy seventeen (17) armed and outfitted officers to forcibly enter, seize and search Plaintiff's small apartment and Plaintiffs themselves was unreliable, unverifiable, false or indifferent to the truth.

28. Despite frantic protestations of innocence by the adult Plaintiffs, neither they nor their children resisted the commands issued by Defendants.

29. Compliance and submission, however, did not prevent Defendants from pushing Mr Patterson face down onto the floor in front of his family, placing the handcuffs far too tightly on his wrists, roughly lifting him from the floor, dragging him out of the apartment onto the public street on which he lives and then shoving him into a sports utility vehicle.

30. Mr. Patterson was thereafter forced to endure painful and prolonged shackling during the entire period of time he spent in the vehicle, including the time Defendants drove him from his home and then returned him back to his home.

31. As a direct and proximate result of the conduct of Defendants, Mr. Patterson suffered loss of liberty, mental anguish, emotional distress, physical and emotional pain and suffering from the incident and its aftermath, including for months later loss of services, interference with familial relationships, interference with gainful employment, embarrassment, humiliation and profound guilt for having been unable to protect his family from the unjustified and callous behavior of the police who invaded their home.

32. As a direct and proximate result of the conduct of Defendants, Mrs. Patterson suffered loss of liberty, mental anguish, emotional distress, emotional pain and suffering from the incident and its aftermath, shame, anxiety and fear that the police might again breach the threshold of her home at any time and for any reason or no reason whatsoever. She reasonably fears she will be re-victimized and there is nothing she or her husband can do about it.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

33. Plaintiffs repeat and reallege each and every allegation set forth above as if set forth herein.

34. The level of force employed by Defendants was objectively unreasonable, excessive and unjustified and deprived Plaintiff James A. Patterson of his constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants brutally pushed, handcuffed, and dragged Mr. Patterson through and from his apartment down the stairs, onto the street and then shoved him into the sports utility vehicle where he remained painfully shackled until returned to his home.

36. As a result of Defendants' actions, Mr. Patterson suffered physical and emotional pain, humiliation, trauma and deprivation of his constitutional rights.

37. Plaintiff seeks compensatory and punitive damages from all Defendants.

**SECOND CLAIM: FALSE SEARCH AND ARREST UNDER 42 U.S.C. § 1983**

38. Plaintiffs repeat and reallege each and every allegation set forth above as if set forth herein.

39. Upon information and belief, Defendants did not possess probable cause to execute the no-knock warrant or arrest Plaintiffs.

40. Plaintiffs had not committed any crimes, were not presently committing any crimes and were not about to commit any crimes involving drugs or guns or any other illegal substance or item.

41. Upon information and belief, neither the no-knock warrant itself nor independent observations made by Defendants while executing it provided probable cause to believe that Plaintiffs had committed, were presently committing or were about to commit any crimes involving drugs or guns or any other illegal substance or item.

42. Further, upon information and belief, the warrant was not based upon information providing probable cause to believe that evidence or instrumentalities

of these crimes would be found at Plaintiff's home and, upon information and belief, it was not based upon information providing reason to suspect that incriminating evidence, if any had actually existed, would be destroyed or officers would be put in jeopardy by advance notice.

43. Upon information and belief, the information which led Defendants to forcibly enter and search Plaintiff's household as well as search and seize its occupants was unreliable, unverifiable, entirely false or in reckless disregard of the truth.

44. As a result, Plaintiffs suffered the loss of liberty as well as significant physical and emotional pain, fear, confusion, humiliation, shame, anguish, trauma, and deprivation of their constitutional rights.

45. Plaintiffs seeks compensatory damages from all Defendants.

### THIRD CLAIM: FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

46. Plaintiffs repeat and reallege each and every allegation set forth above as if set forth herein.

47. Defendants who observed unlawful conduct relating to and arising from the issuance and execution of the no-knock warrant could have but did not intervene violated rights of Plaintiffs under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments by failing to uphold their duty to intercede to prevent such conduct.

48. As a result of Defendants' actions, Plaintiffs suffered significant physical and emotional pain, humiliation, shame, anguish, trauma, and deprivation of their constitutional rights.

49. Plaintiffs seek compensatory damages from all Defendants.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court:

50. Award compensatory damages to Plaintiffs for economic harm, pain and suffering and emotional and mental distress to Plaintiffs against the City and Defendants jointly and severally, together with interest and costs;

51. Award punitive damages to Plaintiff in an amount to be determined at trial against Defendants whose actions constituted outrageous conduct, were reckless and demonstrated a callous indifference to and willful disregard of Plaintiffs' rights as set forth above;

52. Order attorney's fees and costs to be paid by Defendants pursuant to 28 U.S.C. § 2414 and 42 U.S.C. § 1988; and

53. Grant such other and further relief as the Court deems just and equitable.

Dated:    Brooklyn, New York
          25th August 2020

Respectfully submitted,

Gregory S Watts, Esq.
26 Court Street – Suite 910
Brooklyn, NY 11242
(718) 875-5020
gswatts26@aol.com